WANDA COLÓN CORTÉS y OTROS, recurridos, *v.* JUNTA DE CALIDAD AMBIENTAL, peticionaria; WANDA COLÓN CORTÉS y OTROS, recurridos, *v.* AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO, peticionaria.

*Números:* CC-98-161    *Resueltos:* 30 de marzo de 1999
           CC-98-163

*Fernando Molini Vizcarrondo,* de la Junta de Calidad Ambiental, abogado de la peticionaria; *Juan Carlos Fierres,* del *Bufete Martínez Odell & Calabria, Melvin E. Maldonado Colón, Luis A. Rivera Cabrera* y *Raúl Castellanos Malavé,* de la Autoridad de Carreteras y Transportación de Puerto Rico, abogados de la peticionaria; *Jessica Rodríguez Martín,* de la *Clínica de Asistencia Legal de la Universidad de Puerto Rico,* abogada de la recurrida.

## RESOLUCIÓN

A la Moción Urgente, presentada el 23 de marzo de 1999 por Wanda Colón Cortés y otros, *no ha lugar sin perjuicio de que los promoventes presenten cualquier acción que en derecho proceda ante el Tribunal de Primera Instancia.*

Lo acordó el Tribunal y certifica la Secretaria del Tribu-

nal Supremo. El Juez Asociado Señor Fuster Berlingeri emitió un voto disidente, al cual se le unió el Juez Asociado Señor Hernández Denton. El Juez Asociado Señor Negrón García se inhibió. La Juez Asociada Señora Naveira de Rodón no intervino.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— O —

Voto disidente emitido por el Juez Asociado Señor Fuster Berlingeri, al cual se une el Juez Asociado Señor Hernández Denton.

Debo disentir del dictamen de la Mayoría en la resolución emitida hoy, en el caso de autos, por las mismas razones que hace algún tiempo me vi obligado a disentir en cuanto a una autorización similar anunciada por este Tribunal en el caso del Superacueducto. Véase el voto disidente en *Misión Ind. P.R. v. J.P. y A.A.A. I*, 143 D.P.R. 804 (1997), y en *Misión Ind. P.R. v. J.P.*, 146 D.P.R. 64 (1998).

Desde hace ya casi 18 meses está pendiente ante este Tribunal y ante el foro apelativo un importante asunto sobre la validez de la Declaración de Impacto Ambiental (D.I.A.) aprobada por la Junta de Calidad Ambiental (J.C.A.) en relación con la proyectada construcción de la Ruta 66. Sin una D.I.A. debidamente aprobada, la Autoridad de Carreteras y Tránsito (A.C.T.) no puede iniciar lícitamente la construcción del proyecto que aquí nos concierne.

A pesar de que este asunto de tan fundamental importancia sigue pendiente de determinación judicial final, la A.C.T. aparentemente ha seguido adelante con sus planes de construir la proyectada Ruta 66. Los peticionarios alegan, incluso, que sin que se haya completado tan siquiera

el proceso de expropiación de propiedades privadas, se han estado desarrollando obras de este proyecto en dichas propiedades.

En vista de lo anterior me parece imprescindible que este Tribunal dicte una orden urgente de paralización de construcción del proyecto en cuestión hasta que el medular asunto pendiente ante este Tribunal y el foro apelativo se adjudique finalmente.

Ya en una ocasión este Foro se vio en la azarosa circunstancia de tener que resolver un asunto sobre un proyecto de magnitud comparable al de la Ruta 66 luego de que dicho proyecto estuviese bastante adelantado, precisamente por no haber querido paralizar las obras mientras adjudicábamos la validez de dicha construcción. Véase la opinión disidente en *Misión Ind. P.R. v. J.P.*, supra.

En aquella ocasión este Tribunal se vio compelido a resolver que eran válidas unas obras que hacía muchos meses se habían comenzado a construir. No debemos volver a cometer ese error. No debemos ponernos de nuevo en la situación de tener que resolver la validez jurídica de la proyectada Ruta 66 después que ésta esté medio hecha o próxima a terminarse. Resolver en tales circunstancias nos pone en la odiosa disyuntiva de ordenar la destrucción de una construcción ilícita en la que se han invertido millones de dólares del pueblo, o aceptar el *fait accompli* y aprobar la obra aunque a conciencia pensemos que se hizo ilícitamente. Paralizar ahora nos permitirá considerar en su día las graves cuestiones de este caso con plena libertad y raciocinio, y nos evitará tener que hacer entonces decisiones frágiles que puedan parecer ser racionalizaciones más que determinaciones jurídicas válidas. Es por ello que debo disentir del dictamen mayoritario y votar a favor de que se paralicen *ahora* las obras en cuestión, en lo que podemos completar el examen a fondo del esencial asunto pendiente ante nos.